## Ott v. Seward, Appellant.

*Promissory notes—Accommodation indorsers—Defense—Notice.*

In an action by the holders of a promissory note against an indorser, the latter cannot set up as a defense to the action, that a person representing the maker of the note had told him that the plaintiffs had requested his indorsement as an accommodation to them, where there is nothing whatever to show that the defendant was requested by the plaintiffs themselves to become an accommodation indorser for them, or that he was ever accepted as such by them, and there is nothing to show that the person making the alleged statement was acting for the plaintiffs or that such statement had ever been communicated to them.

Argued April 21, 1908. Appeal, No. 124, Jan. T., 1908, by defendant, from judgment of C. P. Blair Co., Oct. T., 1906, No. 161, on verdict for plaintiffs in case of David Ott and George Ellenberger, trading as David Ott & Company, v. O. L. Seward. Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ. Affirmed.

Assumpsit on promissory notes.
One of the notes was in the following form:

"$4,000.                              SEPTEMBER 29, 1906.

  "Two months after date, we promise     .     .     .     .
to pay to the order of J. T. FLOURNEY     .     .     .     ..
Four Thousand     .     .     .     .     .     .     . Dollars
at Union National Bank     .     .     .     .     .     .     ..
without defalcation for value received.
                            "ISLAND PARK ASSOCIATION,
                              "Per J. O. RAUCH, President.
  "Attest:
    "JNO. T. FLOURNEY,
                    "Secretary.
                    (Indorsements.)
                              "J. T. FLOURNEY,
                              "O. L. SEWARD,
                              "C. A. HARGRAVES,
                              ".J. O. RAUCH,
                              "DAVID OTT & Co."

The defense set up is stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiffs for $4,284. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas H. Greevy*, with him *E. G. Brotherlin*, for appellant.—It is permissible to show by parol evidence the actual relation existing between parties to a note, whether as drawers, payees or indorsers, so long as it remains in the hands of the original parties : Leech v. Hill, 4 Watts, 448 ; Barto v. Schmeck, 28 Pa. 447.

The contract of indorsement is not subject to the rule which excludes proof to vary the terms of an express contract : Ross v. Espy, 66 Pa. 481 ; Breneman v. Furniss, 90 Pa. 186.

Paper indorsed for the accommodation of a party so as to assist the party in raising money upon it cannot be enforced against the accommodating party while it still remains in the hands of the party accommodated : Story on Promissory Notes, sec. 190 ; Daniels on Negotiable Instruments, sec. 189 ; Byles on Bills, Wood, ed. 1891, p. 223 ; 2 Am. & Eng. Ency. of Law, 364 ; Thompson v. Clubley, I. M. & W. 212 ; Patten v. Pearson, 55 Me. 39 ; Larned v. Ogilby, 20 Iowa, 410 ; Moore v. Baird, 30 Pa. 138 ; Philler v. Patterson, 168 Pa. 468 ; Bower v. Hastings, 36 Pa. 285 ; Small v. Smith, 1 Denio, 583.

*R. A. Henderson*, with him *Charles C. Greer*, for appellees.— The defendant was in nowise an accommodation indorser for anyone on the note in question : Lord v. Ocean Bank, 20 Pa. 384 ; Smith v. Hine, 179 Pa. 260 ; Cornwall v. Gould, 21 Mass. 444.

OPINION BY MR. JUSTICE BROWN, June 2, 1908 :

This is an appeal from one of two judgments against appellant as an indorser on two promissory notes of the Island Park Association held by the appellees. The defense set up in each suit was that the appellant was a mere accommodation indorser for the holders of the notes. Under facts which were undis-

puted the trial judge instructed the jury that the defense was unavailing and directed verdicts for the plaintiffs, upon which judgments were subsequently entered.   By agreement of counsel the disposition of this appeal is to be regarded as disposing of the other, the facts in each case being identical. ´

No material fact upon which the appellees rely is disputed, and the defense that the appellant was a mere accommodation indorser for them, to enable them to raise money on the notes, is absolutely barren of merit.   Professional zeal hardly excuses the attempt to make it.   Some time in March, 1906, the appellees, lumber dealers, agreed to furnish lumber to the Island Park Association for the construction of a hotel and other buildings upon its grounds in Somerset county.   J. O. Rauch, J. T. Flourney and O. L. Seward, the appellant, were three of its directors, and respectively its president, secretary and treasurer.   Before furnishing any lumber to the association the appellees took from these three men in their individual capacity an agreement, under seal, dated March 27, 1906, in which they obligated themselves, " jointly and severally, to pay the said David Ott & Company the full amount of the purchase price of said lumber, approximating four thousand dollars, within four months after the date hereof, in the event the said amount is not paid in full by the said Island Park Association."   Later on the association asked for more lumber, and, the appellees having asked for additional protection, the same obligors, on April 27, 1906, executed another agreement, obligating themselves, jointly and severally, to pay the appellees, within four months from that date, the full amount of the purchase price of the mill work, lumber and building supplies furnished by them to the association.   When it was pressed by the appellees for the payment of their bill, C. A. Hargraves, its general manager, told them the only way they could be helped would be by a note.   The appellees agreed to accept it, if assured that it would be taken care of when due. In pursuance of this, two notes of the association were given to them, each dated September 29, 1906, one for $4,000, payable two months after date, the other for $5,000, payable in one month.   Each note was made payable to the order of J. T. Flourney and by him indorsed.   Following his indorsement were those of Seward, Hargraves and Rauch.   The notes, hav-

ing been indorsed by the appellees, were discounted by a bank
and the proceeds placed to their credit. They were not paid
at maturity, and, after protest and due notice thereof to the
prior indorsers, were taken up by the appellees. This suit
against Seward followed.

The only attempt made by the appellant to show that he had
become an indorser for the accommodation of the appellees
was his testimony as to what took place between him and
Hargraves when the latter procured his indorsement. What-
ever may have taken place between them at that time could
not have affected the appellees, unless apprised of it, or Har-
graves was acting for them and not for the association. He
was not acting for the appellees, and there was no offer to
show that what was alleged to have taken place between him
and Seward was ever communicated to them. The court
ought, therefore, to have sustained the objection made to the
offer to prove by Seward that when he indorsed the note he
did so because Hargraves told him the appellees had requested
his indorsement as an accommodation to them to enable them
to get money out of bank. Though the offer was improperly
admitted nothing was proved under it to help the appellant,
for Hargraves was not called to testify that what he is alleged
to have told Seward was true. Each of the appellees testified
that it was not. They knew absolutely nothing as to how the
indorsement was procured. They only knew that the notes
were brought to them by the general manager of the associa-
tion after they had pressed him for payment, bearing the ab-
solute indorsements of responsible men, and these the very
men who, by their agreement of April 27, 1906, had assumed
the payment of the bill if the association should not pay it.
They were not merely guarantors but absolute sureties to the
appellees. If, instead of suing Seward on his indorsement,
they had sued him on his obligation to pay their whole
bill, nothing shown in this suit would have availed him
as a defense. The situation as to this feature of the case is
summed up in a sentence in the charge of the court: " When
the note was brought back to them, and they had no knowl-
edge of his restrictive indorsement, that he put any restric-
tions about it, they had a perfect right to take it, because they
were only getting their due, and Mr. Seward was not increas-

ing his legal liability, because he was already legally liable to pay this particular debt, and in that view of it I do not see that Mr. Seward has any defense." But without regard to the liability assumed by the appellant on the agreement of April 27, 1906, there is nothing to show that he was requested by the appellees to become an accommodation indorser for them, or that he was ever accepted as such by them.

The assignments of error are all overruled and the judgment is affirmed.